IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | NO. 14-602 |
| LEROY TOWNSEND | : | |

**KEARNEY, J.** December 7, 2017

# MEMORANDUM

After pleading guilty to two bank robberies resulting in a sentence within the guidelines range followed by supervised release, Leroy Townsend asks we vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He challenges the constitutionality of the bank robbery statute and his sentence. He also argues ineffective assistance of counsel on several grounds. We carefully reviewed all of his arguments. His arguments lack merit. We deny Mr. Townsend's motion in the accompanying Order.

**I. Background**

In August 2014, within a month of being released from over six years of custody following pleading guilty to four 2008 bank robberies, a masked Leroy Townsend admittedly robbed another Philadelphia bank. He escaped arrest. On October 14, 2014, Mr. Townsend admittedly robbed another Philadelphia bank. This time, a citizen followed Mr. Townsend in his car until the Philadelphia police could capture Mr. Townsend. The same day, law enforcement officers executed a federal search warrant on Mr. Townsend's van. A week later, federal agents executed a search warrant on Mr. Townsend's residence recovering distinctive clothing depicted in the surveillance footage from the August robbery.

Our grand jury returned an indictment charging Mr. Townsend with two counts of bank robbery for his August and October 2014 bank robberies under 18 U.S.C. § 2113(a). Mr. Townsend again decided to plead guilty to these two robberies. At his change of plea hearing while represented by Assistant Federal Defender Rossman D. Thompson, Jr., Mr. Townsend told Judge Davis:

> THE COURT: …you used or attempted to use force or violence or intimidation to take that money, do you understand that?
>
> MR. TOWNSEND: Yes, your Honor.
>
> THE COURT: All right.
>
> [...]
>
> THE COURT: And when I say that you used – you attempted to use – force or intimidation, all right. You don't have to produce a gun, that's not what's required and we understand, there was no allegation of a gun, do you understand that?
>
> MR. TOWNSEND: Yes, your Honor.
>
> THE COURT: That the full and complete circumstances under which you were present and in which you presented yourself, was intimidation and it was implied violence. I think there was a mask involved, correct?
>
> MR. TOWNSEND: Yes, your Honor.
>
> THE COURT: So, that would be a sufficient amount of force, just the way you presented yourself, the forceful way you presented yourself, the totality of the circumstances, understood?
>
> MR. TOWNSEND: I get the inference, your Honor, yes, sir.
>
> THE COURT: Well do you understand what I said?
>
> MR. TOWNSEND: Yes, your Honor.[1]

Later during the change of plea hearing, Mr. Townsend agreed to the factual basis for the plea as specifically described by the United States.[2] Mr. Townsend offered no corrections to the

2

factual basis for his plea. The United States' statement of facts represented Mr. Townsend wore a mask for both robberies.

Judge Davis scheduled Mr. Townsend's sentencing for June 25, 2015. On June 19, 2015, the United States and Mr. Townsend filed sentencing memoranda.[3] The United States sought and upward variance and Mr. Townsend sought a downward variance. On June 24, 2015, the United States filed a response to Mr. Townsend's request for a downward variance.[4] The next day at sentencing, Mr. Townsend's counsel told Judge Davis he did not wish to continue with the sentencing despite having limited time to respond to the United States' June 24 response.[5] Mr. Townsend raised the issue of requesting his counsel file a written reply to the United States' response.[6] Judge Davis briefly adjourned the sentencing hearing to give Mr. Townsend the opportunity to meet with counsel and decide what to do.[7] After talking with his counsel, Mr. Townsend agreed to continue with the sentencing.[8] After the parties agreed to the guidelines range and Judge Davis evaluated the § 3553(a) factors, Judge Davis sentenced Mr. Townsend to sixty-six (66) months imprisonment, three years supervised release, a $200 special assessment and $1,370 in restitution.

Ten months after sentencing, Mr. Townsend filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Judge Davis appointed Irina Ehrlich to represent Mr. Townsend, but Mr. Townsend moved to terminate Attorney Ehrlich based on a "conflict of interest" and asked leave to proceed *pro se*. While Mr. Townsend's motion to terminate counsel pended, Attorney Ehrlich filed an *Anders*[9] brief concluding the arguments made by Mr. Townsend in his *pro se* § 2255 motion lacked merit.

Judge Davis granted Mr. Townsend's motion to terminate Attorney Ehrlich and appointed new counsel, Benjamin Cooper, Esquire. Three months into Attorney Cooper's

representation, Mr. Townsend filed a *pro se* motion for expedited review of his § 2255 motion, then pending for seventeen months. Mr. Townsend also moved "for ineffective assistance of counsel," contending Attorney Cooper had not contacted him and asked Judge Davis to either re-instate him as a *pro se* litigant or compel Attorney Cooper to "reach out and assist me in being listed to be heard."

Following Judge Davis' departure and reassignment to us in October 2017, we discharged Attorney Cooper due to scheduling concerns and appointed Paul J. Hetznecker, Esquire to represent Mr. Townsend to review and supplement, if warranted, Mr. Townsend's § 2255 motion.[10] Attorney Hetznecker timely filed a supplement in support of Mr. Townsend's motion.[11] The United States did not respond.

## II. Analysis

Mr. Townsend argues we should vacate his sentence because Judge Davis did not specify reasons for conditions during supervised release rendering them unconstitutionally vague and Attorney Thompson provided ineffective assistance by failing to (1) request additional time to rebut the United States' response to Mr. Townsend's sentencing memorandum, violating his due process rights; (2) argue insufficient evidence to support an element of the bank robbery offense; (3) challenge the federal bank robbery statute as unconstitutionally vague; (4) request a downward variance based on his conditions of confinement at his Delaware County facility compared to the Federal Detention Center in Philadelphia; and (5) argue Mr. Townsend's criminal history is inflated based on 2005 and 2007 offenses in the presentence investigation report. He also argues the sentence is no longer constitutional under *Johnson v. United States*. Following close review of each challenge, we disagree with Mr. Townsend and deny his request for relief.

4

### A. The conditions of supervised release are not unconstitutionally vague.

Mr. Townsend argues the conditions of supervised release are unconstitutionally vague and Judge Davis committed reversible error by imposing ambiguous conditions requiring a new sentencing hearing.

Judge Davis imposed two, three-year terms of supervised release to be served concurrently, ordered Mr. Townsend to comply with this District's standard conditions of supervised release. Judge Davis also ordered Mr. Townsend to comply with conditions of supervised release tailored to the four bank robberies and earlier arrests (while not included in the criminal history) such as possession of firearms in 1994 and possessing a controlled substance in 2001:

1. cannot possess any firearms, illegal controlled substances, or destructive devices;

2. must participate in the DNA collection project;

3. receive appropriate drug, alcohol, and mental treatment in a form determined by the probation department in its discretion, but to include at least three drug tests the first to be administered within fifteen days of release and the other two tests at a time determined by the probation department in its discretion;

4. must regularly provide financial data to the probation department including, at a minimum, the annual Form 1040 and monthly financial reports on assets and debts; and

5. may not obtain credit cards or lines of credit, or extend money on credit, without the advance permission of the probation department.[12]

Section 3583 of Title 18 of the United States Code provides a court may include, "as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment."[13] The court "has wide discretion" in imposing terms of supervised release within the parameters of §3583(d).[14] Special conditions of supervised release may be imposed under § 3583(d) only where the conditions are "reasonably related" the factors set out in 18 U.S.C. § 3553(a),[15] and where the special conditions "'involve[] no greater deprivation of liberty than is

5

reasonably necessary for the purposes set forth" in the § 3553(a) factors.[16] A condition of supervised release violates due process and is void for vagueness if it "either forbids or requires the doing of an act in terms so vague that men or common intelligence must necessarily guess at its meaning and differ as to its application."[17]

Mr. Townsend does not identify the objectionable condition(s) of supervised release; he asks us to review the entire sentencing transcript, apply the United States Court of Appeals for the Seventh Circuit's standard in *United States v. Thompson*,[18] and find the terms impermissibly vague and ambiguous requiring a new sentencing hearing. We have done so and find no error.

In *Thompson*, the Court of Appeals for the Seventh Circuit identified problems with the conditions of supervised released at issue, and provided suggested approaches as a "best practice" for district courts when imposing conditions of supervised release.[19] After *Thompson*, the Court of Appeals for the Seventh Circuit "ha[s] issued numerous remands requiring that district courts resentence defendants in light of its instructions" on "the process of considering and explaining in open court the conditions of supervised release and how they advance the statutory goals of sentencing . . . designed to promote more tailored and effective conditions and to eliminate 'rote" imposition of conditions that may be vague or irrelevant to the defendant."[20]

We do not see a basis for extending the Seventh Circuit's reasoning based on sentences issued there to apply to Judge Davis' conditions for a person who has twice plead guilty to multiple bank robberies. Judge Davis' conditions are appropriate for a habitual bank robber with a history of illegally possessing firearms and a controlled substance.

Mr. Townsend fails to provide us with authority from this Circuit applying *Thompson*. A recent non-precedential decision from our court of appeals denied defendant's petition for a full resentencing based on an inadvertent error in a form outlining conditions of supervised release.[21]

Our court of appeals rejected the defendant's reliance on *Thompson*, finding "although we reject [defendant's] invitation to apply the Seventh Circuit's standard, which would call for resentencing when reconsideration of a condition of supervised release 'may conceivably induce' the judge to 'alter the prison sentence that he imposed,' . . . [defendant] provides no valid reason why the District Court here would conceivably be induced to alter his sentence."[22]

Mr. Townsend does not offer a reason why the district court "would conceivably be induced to alter his sentence." The conditions of supervised release are not vague and are tailored to the § 3553(a) factors in the context of Mr. Townsend's guilty plea to two counts of bank robbery occurring within a year of his release from prison after serving a previous 84-month sentence for four counts of bank robbery. The terms of Mr. Townsend's supervised release are not so vague and ambiguous "that men or common intelligence must necessarily guess at its meaning and differ as to its application." We deny Mr. Townsend's § 2255 petition on this basis.

### B. Mr. Townsend's ineffective assistance claims lack merit.

The majority of Mr. Townsend's arguments are based on claims of ineffective assistance by Attorney Thompson. Under the two-part *Strickland*[23] test, Mr. Townsend bears the burden of showing (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense."[24] Mr. Townsend must demonstrate deficient performance and prejudice to have a valid claim for relief.[25]

To establish deficient performance, Mr. Townsend must show "counsel's representation fell below an objective standard of reasonableness."[26] To establish prejudice, Mr. Townsend must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[27] "In the context of guilty pleas, the defendant satisfies the prejudice prong by showing 'that there is a reasonable probability that, but

7

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[28]

Mr. Townsend bases his ineffective assistance claims on Attorney Thompson's alleged failure to (1) request additional time to rebut the United States' response, violating his due process rights; (2) argue insufficient evidence to support an element of the bank robbery offense; (3) challenge the federal bank robbery statute as unconstitutionally vague; (4) request a downward variance based on his conditions of confinement; and (5) raise the issue of over-representation of Mr. Townsend's criminal history based on three minor misdemeanor offenses in the presentence investigation report. Addressing each argument in turn, we find Mr. Townsend's ineffective assistance claims lack merit.

### 1. Failure to request additional time to rebut the United States' response.

Both the United States and Mr. Townsend filed Sentencing Memoranda; the United States requesting an upward sentencing variance and Mr. Townsend requesting a below-variance from the United States Sentencing Guidelines.[29] Mr. Townsend's Sentencing Memorandum also argued against the United States' request for an upward variance. One day before his sentencing, the United States filed a response to Mr. Townsend's sentencing memorandum arguing against a downward sentencing variance.

Mr. Townsend argues Attorney Thompson should have requested a continuance because it would have offered the opportunity to refute the United States' arguments against a downward variance. Mr. Townsend appears to concede he declined a continuance at the sentencing hearing, but only as to an argument against the United States' request for an upward variance and not against the United States' response against a downward variance.[30]

At the sentencing hearing, Attorney Thompson raised the response filed by the United States and, given the time of its filing, Attorney Thompson's inability to discuss the response with Mr. Townsend. Attorney Thompson asked Judge Davis to colloquy Mr. Townsend: "He's [Mr. Townsend] indicated to me that he does not want to have this matter continued, but he may very well ask me to respond in writing. The document was filed last night. I have reviewed it and I don't think he's had sufficient time to review it with counsel. So, I would ask the Court to just ascertain Mr. Townsend's position."[31] Judge Davis gave Attorney Thompson time to speak with Mr. Townsend. After a recess, Judge Davis allowed Attorney Thompson to address the United States' motion for a downward variance; the motion for upward variance; and "all of the relevant other sentencing factors, whether in 3553 or in the sentencing guidelines."[32] Attorney Thompson fully argued for a downward variance.[33] Judge Davis ultimately denied Mr. Townsend's and the United States' respective motions for a downward and upward variance, and imposed a sentence within the Guidelines.

Mr. Townsend's claim fails under *Strickland* as there is neither deficient performance nor prejudice – Mr. Townsend does not show how, absent Attorney Thompson's alleged error in failing to request a continuance Mr. Townsend did not want, the "result of the proceeding would have been different or how "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

### 2. Failure to argue insufficient evidence to support an element of the bank robbery offense.

Mr. Townsend takes issue with Attorney Thompson's failure to advise him "he could not plead guilty to a non-existent charge" because an element of bank robbery under 18 U.S.C. § 2113(a) requires intent "by force and violence or intimidation."[34] The indictment defined the elements of § 2113(a), including Mr. Townsend "knowingly and unlawfully by force and

9

violence, and by intimidation . . . took from employees of" the two banks "lawful currency of the United States" in violation of § 2113(a).[35]

Mr. Townsend argues there is insufficient evidence to support the elements of bank robbery – specifically the "intimidation" element - because he did not have a weapon or threaten anyone when he committed the crime or speak to the teller. Mr. Townsend contends the United States admitted as much in its Sentencing Memorandum, when it argues a bank supervisor saw Mr. Townsend enter the bank wearing a mask and asked him to take off his mask; Mr. Townsend refused to remove his mask; then approached the supervisor and demanded "I need you to empty the drawer"; the supervisor agreed and accompanied Mr. Townsend to a teller where, on the supervisor's instruction, the teller emptied her drawer and placed the money on the counter which Mr. Townsend took and fled.[36] This rendering of the facts, according to Mr. Townsend, is an admission by the United States he did not have physical contact with anyone during the course of the robberies and never spoke to a teller and, therefore, did not use force, violence or intimidation to commit the robberies.

We disagree. The statute requires intimidation. Mr. Townsend refused to remove his mask and demanded money. There is no requirement of physical contact or speaking to a teller – otherwise the armed bank robber with a note would argue he did not violate the statute. Knowing this, Mr. Townsend agreed at his change of plea hearing he used intimidation in the course of the robberies.[37] He also agreed to the facts and to enter a guilty plea of his "own free will" and "own choice."[38] All factual elements of § 2113(a), including intimidation, are established based on Mr. Townsend's agreement at the change of plea hearing.

Mr. Townsend made these decisions. Judge Davis explained his ability to not plead guilty after explaining the intimidation element of the bank robbery statute. He cannot shift the

10

effect of his decision, after its import is explained, to challenge his lawyer's effectiveness. Mr. Townsend fails to meet the *Strickland* test.

### 3. Failure to challenge the federal bank robbery statute as unconstitutionally vague.

Mr. Townsend argues the bank robbery statute, 18 U.S.C. § 2113(a), is unconstitutionally vague and Attorney Thompson's failure to challenge the statute's constitutionality amounts to ineffective assistance. Mr. Townsend does not explain how the statute is unconstitutionally vague.

"Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed."[39] Mr. Townsend fails to provide authority holding the bank robbery statute § 2113(a) is unconstitutionally vague. We can find none. To the contrary, at least one federal circuit rejected an unconstitutionally vague argument as to § 2113(a).[40] It strains credulity a person could not reasonably understand wearing a mask in a bank and refusing to remove it when asked by bank personnel, presumably to hide one's identity, demanding money by saying "I need you to empty the drawer" in one episode and "Give me all your money in the bottom drawer, I'm not playing" in another, and fleeing the scene is proscribed by the law.

We read Mr. Townsend as also arguing the statute is void for vagueness under the holding of *Johnson v. United States*.[41] In *Johnson*, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" as unconstitutionally vague.[42] Mr. Townsend provides no authority, and we can find none, invalidating § 2113(a) based on *Johnson*. In a recent *per curiam* decision, United States Court of Appeals for the Fifth Circuit rejected a similar challenge to § 2113(a) under *Johnson*, finding "the bank robbery . . . statute that [defendant] was convicted under do[es] not contain language

11

similar to the provision that the Supreme Court found unconstitutionally vague in *Johnson*, *compare Johnson* . . . with 18 U.S.C. § 2113(a), . . . and so *Johnson* has no bearing . . . ."[43]

Similarly, a district court recently rejected an argument seeking to vacate a sentence after pleading guilty to bank robbery under § 2113(a).[44] In *Kelley*, petitioner pleaded guilty to three counts of bank robbery under § 2113(a), and like Mr. Townsend, was not sentenced under the ACCA "or any other statute that is potentially susceptible to a vagueness challenge under *Johnson*." The district court held *Johnson* "has no application to Petitioner's conviction for three Counts of bank robbery."[45]

We also find no basis to hold § 2113(a) is unconstitutionally vague. Mr. Townsend fails to carry his burden to show his "counsel's representation fell below an objective standard of reasonableness" required for the deficient performance test of *Strickland*.

### 4. Failure to request a downward variance based on his conditions of confinement.

Mr. Townsend next argues Attorney Thompson failed to "properly present" a request for a downward variance based on the conditions of his confinement at the George W. Hill Correctional Facility. Mr. Townsend filed a *pro se* supplemental brief in support of motion for departure and/or variance ("Supplemental Brief"), asking the court to consider his facility when imposing a sentence under § 3553(a).[46] The Supplemental Brief defines a litany of abuses and deprivations at the George W. Hill Correctional Facility as compared with the Federal Detention Center including limited access to the law library and "up-to-the minute case law," unmonitored legal calls, unprotected legal mail and other materials, the failure to provide laptops to inmates whose discovery materials are on disk, and failure to keep a log of legal mail all of which prevent federal inmates housed at the George W. Hill Correctional Facility from assisting "defense counsel with effective strategies."[47]

12

Attorney Thompson raised the Supplemental Brief at the sentencing hearing: "the defendant has filed what we would couch as a *pro se* motion and I would ask the Court to consider this submission filed and addressed in my memorandum, asking the Court to take into consideration the fact that there are unique and varied differences with respect to one's incarceration at George W. Hill . . . versus the Federal Detention Center. As noted in our papers, your Honor, with respect to access to counsel, at the Federal Detention Center, inmates generally have 24 hour access via telephone directly to call to the office of the Federal Defender."[48]

Attorney Thompson further argued "as a result of the difference pointed out with respect to visitation, the fact that they are locked down, prison calls are more expensive, then [sic] if you were at the Federal Detention Center, that perhaps the Court could consider a variance of nine months for the time that he spent at the Delaware County Correctional Facility, to impose a sentence outside of the established guidelines range."[49] Judge Davis confirmed Attorney Thompson had sufficient access to Mr. Townsend, considered Attorney Thompson's argument, and denied Mr. Townsend's request for a downward variance and sentenced within the Guidelines.

Mr. Townsend fails to provide authority or explanation to show how Attorney Thompson – who requested a downward variance based on the conditions at the George W. Hill Correctional Facility - failed to "adequately present the scope of this request for a downward variance" to meet his burden under *Strickland*. His lawyer made this argument. It did not succeed. Not succeeding on a downward variance does not equal ineffective assistance.

13

### 5. Failure to argue Mr. Townsend's criminal history in the presentence investigation report is overstated and challenge to the calculation of his criminal history.

Mr. Townsend challenges Jude Davis' calculation of his offense level at twenty-one and adjustments to his criminal history points calculated at seven, including one point for a simple assault conviction in 2005 and three points for two misdemeanor convictions in 2007. Mr. Townsend additionally argues Attorney Thompson failed to argue for a downward variance based on the overstated criminal history points based on three minor misdemeanor offenses. According to Mr. Townsend, if his counsel asked for a downward variance based on the simple assault and misdemeanor offenses – collectively four of the seven points - his criminal history category would have been a Category II instead of a Category IV.

We disagree with Mr. Townsend. First, to the extent Mr. Townsend makes a substantive challenge to the calculation of his criminal history points, it is waived. Attorney Thompson agreed with Judge Davis' calculation of an offense level of twenty-one and a criminal history category of IV.[50]

Second, Mr. Townsend's present argument regarding the calculation is flawed under the sentencing guidelines. Under § 4A1.2(e)(1) of the Guidelines: "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."

Under § 4A.1.1(c) of the Guidelines, Mr. Townsend received one point for his November 6, 2005 conviction on simple assault, terroristic threats, and criminal mischief for which he received a sentence of eighteen-months' probation. Under § 4A1.1(a) of the Guidelines, Mr.

14

Townsend received three points for his May 16, 2007 guilty plea for which he received a sentence of twenty-three months imprisonment and one year consecutive probation. The points for these offenses, occurring within fifteen years of Mr. Townsend's 2014 bank robberies, along with the three points he concedes are appropriate for his 2008 bank robbery convictions, are properly counted in his criminal history. In addition to the seven criminal history points, two additional points are added under Guidelines § 4A1.1(d) because Mr. Townsend's 2014 bank robberies occurred while on supervised release, raising his total criminal history score to nine and making his criminal history category IV under Chapter 5, Part A of the Guidelines.

Mr. Townsend does not meet his burden under *Strickland*. Judge Davis considered both Mr. Townsend's request for a downward variance and the United States' request for an upward variance, sentenced within the Guideline range, and explained his decision based on policy reasons including Mr. Townsend's history and concern about his future conduct. Mr. Townsend fails to show even if Attorney Thompson agreed the criminal history is overstated it would have made any difference in sentencing.

### C. Mr. Townsend's sentence is not impacted by *Johnson v. United States*.

Mr. Townsend seeks to apply *Johnson* to vacate his sentence, an argument he characterizes as "a corollary" to the argument the bank robbery statute at § 2113(a) is unconstitutionally vague in his ineffective assistance claim. *Johnson* review is not available in Mr. Townsend's case. A *Johnson* claim can only be raised when a defendant's sentence is enhanced under either 1) Chapter Four of ACCA; or 2) for firearms violations under the Guidelines § 2K2.1.

The United States did not charge Mr. Townsend under ACCA. Judge Davis did not sentence Mr. Townsend using either the ACCA enhancement or the firearms enhancement under

15

§ 2K2.1. Judge Davis did not enhance Mr. Townsend's sentence. Judge Davis denied the United States' request for an upward variance from the Guidelines. *Johnson* is not applicable and the Mr. Townsend's motion is denied.

## III. Conclusion

Mr. Townsend properly raises a wide variety of constitutional arguments and several complaints regarding his counsel's arguments during the sentencing. After review, and with the benefit of appointed counsel's Supplemental Motion, we find Mr. Townsend's arguments lack merit. In the accompanying Order, we deny the motion to vacate, set aside, or correct Mr. Townsend's sentence. There is no basis to issue a certificate of appealability as reasonable jurists would not debate the correctness of this holding.

---

[1] ECF Doc. No. 26 at 6-8.

[2] *Id.* at 6.

[3] ECF Doc. Nos. 17, 18.

[4] ECF Doc. No. 19.

[5] ECF Doc. No. 27 at 4-5.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Anders v. California*, 386 U.S. 738 (1967).

[10] ECF Doc. No. 43. We also denied Mr. Townsend's *pro se* motions to: compel Attorney Cooper to act as moot; for a video conference as premature; for expedited review as moot; to correct the presentence investigation report (allowing objections to be incorporated into the supplemental § 2255 motion); and, to amend his § 2255 motion to raise a claim under *Johnson v.*

*United States*, but allowed new counsel Attorney Hetznecker to further review the issue and raise it in the supplemental motion. ECF Doc. No. 44.

[11] ECF Doc. No. 46.

[12] ECF Doc. No. 27 at 47-48.

[13] 18 U.S.C. §3583(a).

[14] *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011) (citing *United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005)).

[15] Section 3553(a) provides the factors considered in imposing a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a).

[16] 18 U.S.C. § 3583(d)(1), (d)(2); *United States v. Miller*, 565 F.App'x 139, 141-42 (3d Cir. 2014).

[17] *United States v. Lee*, 315 F.3d 206, 214 (3d Cir. 2003) (quoting *United States v. Loy*, 237 F.3d 251, 262 (3d Cir. 2001)).

[18] 777 F.3d 368 (7th Cir. 2015). *Thompson* addressed four consolidated cases challenging the conditions of supervised release.

[19] *Id.* at 376-77.

[20] *United States v. Mobley*, 833 F.3d 797, 800-01 (7th Cir. 2016) (quoting *Thompson*, 777 F.3d at 376-77).

[21] *United States v. Ivostraza-Torres*, ---F.App'x ---, 2017 WL 5508511 (3d Cir. Nov. 17, 2017).

[22] *Ivostraza-Torres*, 2017 WL 5508511, at *2 (citing *Thompson*, 777 F.3d at 382).

[23] *Strickland v. Washington*, 466 U.S. 668 (1984).

[24] *Id.* at 687; *United States v. Washington*, 869 F.3d 193, 204 (3d Cir. 2017).

[25] *Washington*, 869 F.3d at 204 (quoting *United States v. Travillion*, 759 F.3d 281, 289–90 (3d Cir. 2014)).

[26] *United States v. Vaskas*, 696 F. App'x 564, 566 (3d Cir. 2017) (quoting *Strickland*, 466 U.S. at 688).

[27] *Id.* (quoting *Strickland*, 466 U.S. at 694).

[28] *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[29] ECF Doc. Nos. 17, 18.

[30] ECF Doc. No. 46 at 8.

[31] ECF Doc. No. 27 at 3-4.

[32] *Id.* at 4-6.

[33] *Id.* at 9-22.

[34] Section 2113(a) provides

> Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny –
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

[35] ECF Doc. No. 6.

[36] ECF Doc. No. 28 at 1.

[37] ECF Doc. No. 26 at 7-8.

[38] *Id.* at 18.

[39] *U.S. v. National Dairy Products Corp.*, 372 U.S. 29, 32–33 (1963).

[40] *United States v. Donahue*, 948 F.2d 438, 441 (8th Cir. 1991), *cert. denied*, 503 U.S. 976 (1992) (rejecting argument § 2113 is unconstitutionally vague because it does not require criminal intent to be alleged and proved); *Smith v. United States*, 356 F.2d 868, 871 (8th Cir. 1966) (rejecting argument § 2113(a) is unconstitutionally vague, uncertain and contradictory because it proscribes conduct which is not criminal in nature).

[41] --- U.S. ---, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015).

[42] *Id.* at 2557.

[43] *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016).

[44] *United States v. Kelley*, No. 12-130, 2017 WL 1078172 (M.D. Pa. Mar. 22, 2017).

[45] *Id.* at *3 (citing *In re Lott*, 838 F.3d at 522-23).

[46] ECF Doc. No. 16. Mr. Townsend requested Judge Davis consider his brief "in conjunction with any attorney's motion requesting a downward department or a downward variance, and not construed as a pro-se motion, which would likely be dismissed under the hybrid-representation rule." *Id.* at 1.

[47] ECF Doc. No. 16 at 4-6.

[48] ECF Doc. No. 27 at 7.

[49] ECF Doc. No. 27 at 8-9.

[50] ECF Doc. No. 27 at 2.